UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY MEITZNER,

    Plaintiff,                                          Case No. 18-cv-13950
                                                 Honorable Thomas L. Ludington

v.

BILL SCHUETTE, et al.

    Defendant.
_____/

**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR INJUNCTION, MOTION FOR RECUSAL, MOTION FOR DECLARATORY JUDGMENT, MOTION FOR DEFAULT JUDGMENT AND DISMISSING COMPLAINT**

    This case stems from a property dispute between Plaintiff and his neighbors. In 2010, Robert and Donna Clark sued Meitzner in the Presque Isle Circuit Court over their easement road running across his property. The trial court found in favor of the Clarks and enjoined Meitzner from interfering with their use of the easement. The Michigan Supreme Court denied leave to appeal. *Clark v. Meitzner*, 823 N.W.2d 603 (Mich. 2012). Meitzner subsequently brought an action against the seven justices listed on the Michigan Supreme Court's order. Case No. 15-cv-14444. The case was dismissed. Plaintiff subsequently filed a similar case, which was also dismissed. Case No. 15-cv-12870. A full summary can be found in the court's orders dismissing those complaints.

    On December 18, Plaintiff filed a complaint against Bill Schuette and Jane and John Doe accusing them of conspiracy to violate his rights under 42 U.S.C. § 1985(2)-(3). The caption does not specify the capacity in which Bill Schuette is being sued, though the text of the complaint refers to "Bill Schuette in his position of Michigan Attorney General." In his motion

for declaratory judgment Plaintiff clarifies that his intent is to sue Mr. Schuette in his individual capacity. In either case, Plaintiff has failed to state a claim, as explained below.

Defendant moves for "summary judgment" although the legal authority cited in the motion is Federal Rule of Civil Procedure 12(b)(6) and Defendant argues that Plaintiff has failed to state a claim. The motion will therefore be construed as a motion to dismiss. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a conspiracy claim under 42 U.S.C. § 1985(2) or (3), "a plaintiff must allege that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006).

Plaintiff does not allege such animus. He alleges that Mr. Schuette did not respond to Plaintiff's letters asking that the AG's office open an investigation into the "falsified per curiam" issued by the state court. Plaintiff has no legal right to receive a response to his letters or to have an investigation opened at his request.

To the extent he asks this Court to review the state court judgment, this Court has no jurisdiction to do so. *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923).

Plaintiff also asks the Court to compel Defendant to answer under rule 8(b)(1)(B). A defendant has no obligation to file an answer in response to a complaint. Rather, a defendant can file a motion under rule 12 which extends the answer deadline until 14 days after the rule 12 motion is decided. *See* Fed. R. Civ. P 12(a)(4). Accordingly, the motion for injunction and motion for default judgment will be denied.

Plaintiff also moves to recuse Magistrate Judge Morris. The motion is moot. No motions

have been referred to Judge Morris.

Plaintiff also moves for declaratory judgment. ECF No. 16. The motion will be denied. Plaintiff has not pled facts demonstrating his entitlement to any relief, declaratory or otherwise. Plaintiff's cross motion for summary judgment will be denied on the same basis (his cross motion for summary judgment is embedded in his response brief, ECF No. 17).

Accordingly, it is **ORDERED** that defendant's motion to dismiss, ECF No. 9, is **GRANTED.**

It is further **ORDERED** that the complaint, ECF No. 1, is **DISMISSED** with prejudice.

It is further **ORDERED** that Plaintiff's motion for injunction, for recusal, for default judgment, for declaratory judgment, and for summary judgment (ECF Nos. 10, 11, 15, 16) are **DENIED.**

    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 1, 2019

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney by electronic means and to **Larry Allen Meitzner,** 4209 Klee Rd., Rogers City, MI 49778 by first class U.S. mail on February 1, 2019.

    s/Kelly Winslow
KELLY WINSLOW, Case Manager